IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY T. SWOKLA, | No. C 14-2635 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| DANIEL PARAMO, | |
| Respondent. / | |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging his sentence in state court. He has paid the filing fee. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted.

## STATEMENT

In 1996, petitioner was convicted in Santa Clara County Superior Court of first-degree murder. The trial court sentenced him to a term of life in prison without the possibility of parole. IN 1997, the California Court of Appeal affirmed and the Supreme Court of California denied a petition for review. Petitioner filed habeas petitions raising the claims raised herein in the state superior, appellate and supreme courts in 2013 and 2014. They were all denied.

## ANALYSIS

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner claims that his sentence violates his Eighth Amendment right to be free from cruel and unusual punishment because he did not kill the victim and because he was 19 years old at the time of the offense. When liberally construed, these claims are sufficient to warrant an answer from respondent.

## CONCLUSION

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety-one days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

3. Respondent may file, within ninety-one days, a motion to dismiss on procedural

grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within twenty-eight days of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within fourteen days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October  9 , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3