United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY T. SWOKLA, | No. C 14-2635 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| DANIEL PARAMO, | (Dkt. 10) |
| Respondent. | |

## INTRODUCTION

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254 challenging his sentence in state court. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition. The motion is granted and the case is dismissed.

## STATEMENT

In 1995, petitioner was convicted in Santa Clara County Superior Court of first-degree murder with felony-murder special circumstances. After the penalty phase, the jury rejected the death penalty and returned a verdict of life in prison without the possibility of parole. The trial court imposed that sentence on January 16, 1996. The California Court of Appeal affirmed the judgment, and on December 23, 1997, the Supreme Court of California denied a petition for review.

On June 10, 2013, petitioner filed a habeas petition in the Santa Clara County Superior Court raising the claims raised herein, namely that his sentence constitutes cruel and unusual punishment. The petition was denied, and his subsequent habeas petitions to the California Court of Appeal and the California Supreme Court, raising the same claims, were also denied.

1  The California Supreme Court denied the petition on December 18, 2013, and petitioner then
2  filed the instant federal petition on June 9, 2014.

## ANALYSIS

The statute of limitations is codified at 28 U.S.C. 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. 2244(d)(2).

Applying 28 U.S.C. 2244(d)(1)(A), the petition is clearly untimely. The judgment became final on March 23, 1998, 90 days after the California Supreme Court denied review, because that is when the time for seeking a petition for a writ of certiorari in the United States Supreme Court expired. *See* U.S. Sup. Ct. R. 13; *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The limitations period expired one year later on March 23, 1999. Under the "mailbox rule" the instant petition is deemed filed on June 2, 2014, over 15 years too late. Petitioner's state habeas petitions were filed in 2013, long after the limitations period had already expired, and thus they do not toll the limitations period under Section 2244(d)(2). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that once AEDPA's limitations period has run, a state habeas petition cannot revive it). Finally, petitioner does not assert that he is entitled to equitable tolling or that dismissing the petition as untimely would be a "miscarriage of justice," nor does the record support drawing either of these conclusions. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013) (miscarriage of justice exception to untimely petition requires showing of actual innocence); *Holland v. Florida*, 130 S. Ct. 2549,

2560 (2010) (equitable tolling allowed if prisoner has been pursuing his rights diligently and extraordinary circumstance stood in his way). Accordingly, under Section 2244(d)(1)(A) the instant petition is untimely.

Petitioner argues that his claims are nevertheless timely because they are based upon *Miller v. Alabama*, 132 S.Ct. 2455 (2012) (holding that mandatory sentence of life without the possibility of parole for a minor violates the Eighth Amendment), which was not decided until 2012. There is no asserted or apparent basis for applying Sections 2244(d)(1)(B) or 2244(d)(1)(D). There is, however, reason to apply Section 2244(d)(1)(C) to one of petitioner's claims: that, under *Miller* his sentence of life without possibility of parole is excessive under the Eighth Amendment because he was only 19 years old at the time of the crime. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005) (when the starting date is determined under Sections 2244(d)(1)(B)-(D), the statute of limitations is applied on a claim-by-claim basis).

The parties also do not address whether *Miller* announces a "new rule" that applies retroactively to cases on collateral review, a precondition for applying Section 2244(d)(1)(C). That issue need not be answered here because even assuming Section 2244(d)(1)(C) does apply, and the limitations period is delayed until *Miller* was decided, the instant petition is still untimely. *Miller* was decided on June 25, 2012, and the instant petition was filed nearly two years later, on June 2, 2014. As a result, nearly one year of tolling is necessary to render the petition timely under AEDPA's one-year statute of limitations. The limitations period is tolled under Section 2244(d)(2) for both the period that petitioner's state habeas petitions were pending in state court and the gaps between those petitions. *See Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). In this case, that would mean tolling for slightly more than six months, from June 10, 2013, when petitioner filed his first state habeas petition in the superior court, to December 18, 2013, when his last state habeas petition was denied by the California Supreme Court. This is nearly six months short of the nearly twelve months of tolling required to render the claim timely under Section 2244(d)(1)(C). As noted, there is no argument or apparent basis for equitable tolling or finding a miscarriage of justice. Accordingly, petitioner's *Miller*-based claim that his sentence violates his Eighth Amendment rights because he was 19

3

years old when he committed the crime is not timely, even when the commencement of the limitations period is delayed under Section 2244(d)(1)(C).

Respondent argues that Section 2244(d)(1)(C) does not apply her because *Miller* does not apply to petitioner for the simple reason that petitioner was not a minor when he committed the crime. *Miller* held that life without parole sentences are excessive under the Eighth Amendment when applied to "those under the age of 18 at the time of their crimes." *Miller*, 132 S.Ct. at 2460. Petitioner was 19 years and 7 months old when he committed the crimes. Respondent is correct that by its own terms, *Miller* does not establish that petitioner's sentence violated his Eighth Amendment rights. While this does not mean that Section 2244(d)(1)(C) does not apply, because Section 2244(d)(1)(C) applies when the right "asserted" by the petitioner is recognized by the Supreme Court and the right "asserted" by petitioner is that *Miller* renders his sentence unconstitutional, it does mean something far more damaging to petitioner: that even if his *Miller*-based claim were timely, which it is not, it is without merit.

Petitioner claims a second reason that his sentence is excessive under the Eighth Amendment. He claims that because he was simply an accomplice and not the actual killer, the sentence of life without the possibility of parole was excessive. This claim is not based on *Miller*, and as such there is no reason this claim warrants a delay in the commencement of the limitations period. As a result, Section 2244(d)(1)(A) applies to this claim and, for the reasons discussed above, renders the claim untimely.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (dkt. 10) is **GRANTED** and the petition is **DISMISSED.**

//

//

4

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June  5 , 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5